*Generali España de Seguros y Reaseguros, S.A. v. Speedier Shipping, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges*.

———————————————————————

GENERALI ESPAÑA DE SEGUROS Y REASEGUROS, S.A.,

> *Petitioner-Appellee*,

v.                                                                      22-1150

SPEEDIER SHIPPING, INC.,

> *Respondent-Appellant*.

———————————————————————

For Petitioner-Appellee:          BRIAN CHRISTOPHER DUNNING, Dunning Rievman & MacDonald LLP, New York, NY.

For Respondent-Appellant:       GLENN H. RIPA, Law Office of Glenn H. Ripa, New York, NY.

Appeal from a judgment of the Eastern District of New York (Mann, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Respondent-Appellant Speedier Shipping, Inc. ("Speedier Shipping") appeals from the May 20, 2022 judgment of the United States District Court for the Eastern District of New York (Mann, *M.J.*) confirming and enforcing two foreign arbitration awards in favor of Petitioner-Appellee Generali España de Seguros y Reaseguros, S.A. ("Generali"). Speedier Shipping's primary contention against enforcement is that it never entered into the governing arbitration agreement concerning the transportation of heavy cargo and that another entity, Wasa Projects and Logistics Ltd. ("Wasa"), acted without its permission in purporting to sign the agreement on Speedier Shipping's behalf.

On appeal from a decision to confirm an arbitration award under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), June 10, 1958, 21 U.S.T. 2517, we review questions of law *de novo* and factual findings for clear error. *See Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 89 (2d Cir. 2005). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Given "the strong public policy in favor of international arbitration, review of arbitral awards under the New York Convention is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Id.* at 90 (internal quotation marks, citations, and alteration omitted). To this end, a court "shall confirm [a foreign arbitral] award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *Id.* (internal

2

quotation marks omitted) (quoting 9 U.S.C. § 207).   A party opposing enforcement of an arbitral award bears a "heavy burden" to prove an applicable defense, "as the showing required to avoid summary confirmation is high."   *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 810, 815 (2d Cir. 2022) (citations omitted).   Article V of the New York Convention contains an exhaustive list of seven defenses to confirmation, only two of which are pertinent here: (1) Article V(1)(a), which applies when "the said [arbitration] agreement is not valid under the law to which the parties have subjected it"; and (2) Article V(1)(b), which applies when "[t]he party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case."[1]

Turning first to the validity of the arbitration agreement, Speedier Shipping contends that it was not a party to the governing arbitration agreement.   But Speedier Shipping has failed to carry its burden to prove the invalidity of the arbitration agreement under English law, as necessary to invoke Article V(1)(a).[2]   As an initial matter, Speedier Shipping has cited no English legal authority, whatsoever, to support its invalidity defense.   In any event, it is not enough for Speedier Shipping to point to the absence of its signature on the Booking Note, as English law expressly contemplates the formation of a valid written arbitration agreement without the parties' signatures.

---

[1] Speedier Shipping has not specified which, if any, of the defenses enumerated in Article V it seeks to invoke—an important omission, given the "heavy burden" it bears to demonstrate that one applies. *See CVG Ferrominera*, 49 F.4th at 815–16.   The district court construed Speedier Shipping's arguments as plausibly implicating these two defenses, and we see no reason to expand our analysis to other defenses. *See Generali España de Seguros y Reaseguros, S.A. v. Speedier Shipping, Inc.*, No. 21 Civ. 4080 (RLM), 2022 WL 1568829, at *6–8 (E.D.N.Y. May 17, 2022).

[2] The Booking Note contains a choice-of-law clause specifying English law.   *See CVG Ferrominera*, 49 F.4th at 816 ("Consistent with [Article V(1)(a)], we have repeatedly held that the existence or validity of an arbitration agreement is governed by a choice-of-law clause where one exists, because choice-of-law clauses are separable when the contract's validity is otherwise disputed.").

3

*See* English Arbitration Act, ch. 23, § 5(2)(a) (specifying that a valid written arbitration agreement exists "if the agreement is made in writing (whether or not it is signed by the parties)"). Neither can Speedier Shipping rest its case on the two declarations in the record. First, Speedier Shipping's attorney declaration is without foundation, as Mr. Ripa provides no indication that he possesses personal knowledge of his client's affairs to corroborate the representations therein. Similarly, Ms. Thongprasert's declaration contains only a vague denial regarding Speedier Shipping's involvement in the Booking Note, which is insufficient to carry Speedier Shipping's "heavy burden" to prove the applicability of an Article V(1)(a) defense.

Moreover, Speedier Shipping's agreement to let Wasa represent it in the arbitration renders its present challenge to the formation of an arbitration agreement unavailable under English law. Absent an agreement to the contrary, English law empowers an arbitral tribunal to rule on its own "substantive jurisdiction," defined to include "whether there is a valid arbitration agreement," which the tribunal did here. *Id.* at § 30(1)(a). If a party seeks to object to the tribunal's exercise of substantive jurisdiction *ab initio*, such objection "*must* be raised by a party not later than the time he takes the first step in the proceedings to contest the merits of any matter in relation to which he challenges the tribunal's jurisdiction." *Id.* at § 31(1) (emphasis added). A party can lose its right to assert a jurisdictional challenge by taking part in arbitration proceedings without lodging a timely objection. *Id.* at § 73; *see also id.* at § 32 (providing that a party may lose its right to object in court to an arbitrator's determination of a preliminary point of jurisdiction); *id.* at § 67 (same as to a party's right to challenge an arbitral award). American law provides for a similar waiver rule for circumstances, such as these, where a party participated in arbitration proceedings, only to raise a collateral challenge for the first time following an adverse result. *See Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 368 (2d Cir. 2003) ("[I]f a party participates

4

in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may be found to have waived its right to object to the arbitration."). Here, Speedier Shipping agreed to participate in the arbitration through Wasa's counsel and did not present any objection until nearly four months after the issuance of the Liability Award. As such, Speedier Shipping has lost its right to mount this objection under English law.

Speedier Shipping additionally claims that it did not participate in the arbitration proceedings. As the district court found, this argument sounds in Article V(1)(b), pursuant to which enforcement may be denied if "[t]he party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case." This provision "essentially sanctions the application of the forum state's standards of due process." *Iran Aircraft Indus. v. Avco Corp.*, 980 F.2d 141, 145 (2d Cir. 1992) (internal quotation marks omitted). Under American standards, a party is entitled to "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Here, Speedier Shipping does not contest that it received notice of the arbitration. The record also indicates that Speedier Shipping discussed the arbitration with Wasa and agreed to let Wasa's counsel represent it in the proceedings. Considering these facts, Speedier Shipping has not proven that the arbitration violated due process, as necessary to invoke Article V(1)(b).

\* \* \*

We have considered Speedier Shipping's remaining arguments and find them to be without merit.    Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court